UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TOMASZ TYLENDA,

                Petitioner,

      -against-

MDC WARDEN DUKE TERRELL and
COUNSELOR LAWRENCE MURRAY,

                Respondents.
---------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
CV-10-4055 (SJF)

IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y

★ JUN 2 9 2011 ★

LONG ISLAND OFFICE

On August 26, 2010, *pro se* petitioner Tomasz Tylenda ("petitioner") commenced this proceeding pursuant to 28 U.S.C. § 1361 against respondents Duke Terrell ("Terrell"), Warden of the Metropolitan Detention Center ("MDC"), and Lawrence Murray ("Murray"), a correctional counselor at the MDC, (collectively, respondents) seeking a writ of mandamus compelling Terrell to comply with the Administrative Remedy Program under 28 C.F.R. §§ 542.10, *et seq.*, and to investigate purported threats and retaliation against him by Murray. For the reasons set forth below, the petition is dismissed.

I.     BACKGROUND

    A.     Factual Background

On March 8, 2008, a judgment of conviction was entered against petitioner in this Court (Platt, Senior J.), upon his plea of guilty to conspiracy to sell and dispose of stolen motor vehicles

1

(18 U.S.C. § 371) and sentence to a term of incarceration of sixty (60) months.[1] Petitioner is presently incarcerated at the MDC.

Petitioner alleges that at approximately 9:30 or 10:00 p.m. on August 23, 2010, while he was incarcerated at the MDC, he handed an "Informal Resolution" form (the "BP-8 Form"), used to initiate the Administrative Remedy Program, to Murray for processing, (Petition [Pet.], p. 2), in accordance with 28 C.F.R. § 542.13(a).[2] According to petitioner, in the BP-8 Form, he alleged that Murray had discriminated against him based upon his race, "a White Polish male," by refusing to grant him extended visitation with out-of-town relatives notwithstanding that Mr. Garcia, the acting-unit manager and Murray's superior, had pre-authorized the extended visitation. (Pet., p. 2).

Petitioner alleges that after reading the BP-8 Form, Murray told him to "pack [his] shit" because he was leaving the housing unit to which he had been assigned, refused to call one of his superiors and threatened him with segregation if he did not comply. (Pet., pp. 2-3). According to petitioner, he complied with Murray's direction because he was intimidated by Murray's threat of segregation and was moved to another housing unit. (Pet., p. 3).

---

[1] On October 2, 2008, petitioner moved this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence ("the 2255 motion"). By order entered February 15, 2011, petitioner's 2255 motion was denied by the Honorable Thomas C. Platt. Tylenda v. United States, No. 08-CV-4031 (Mem. Order Feb. 13, 2011).

[2] 28 C.F.R. § 542.13(a) provides, in relevant part, that "[e]xcept as provided in § 542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. * * *."

2

B. Procedural Background

On August 26, 2010, only three (3) days after he attempted to file the BP-8 Form with Murray, petitioner commenced this proceeding pursuant to 28 U.S.C. § 1361 against respondents seeking a writ of mandamus compelling Terrell to comply with the Administrative Remedy Program under 28 C.F.R. §§ 542.10, *et seq.*, and to investigate the purported threats and retaliation against him by Murray. Petitioner alleges that as a result of Murray's conduct, he "is afraid to continue any form of administrative remedies at the [MDC] and seeks relief from the Court to compel compliance with * * * federal regulations and seeks protection from this sort of abuse of authority and misconduct." (Pet., p. 3). However, in his reply, dated February 12, 2011, petitioner alleges that he filed his petition for a writ of mandamus "due to timing[] [because] [t]he entire administrative remedy process of filing the proper forms can take up to 6 months."

II. DISCUSSION

A. Exhaustion of Remedies

Respondents contend that the petition must be dismissed based upon petitioner's failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility under such administrative remedies as are available are exhausted." Clearly, petitioner's claim regarding respondents' purported failure to comply with the Administrative Remedy Program involves a prison condition. Moreover, "retaliation claim[s] fit[] within the category of 'inmate suits about prison life,' and therefore must be preceded by the exhaustion of * * *

3

administrative remedies available." Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (quoting Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002)) (alterations in original). Accordingly, petitioner's claims fall within the purview of the PLRA's exhaustion requirement.

Nonetheless, "the affirmative defense of exhaustion is subject to estoppel." Ziemba, 366 F.3d at 163. The Second Circuit has developed the following three (3)-part test to determine whether a suit about prison life should be dismissed for failure to exhaust:

> "[1] Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. * * * [2] The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, * * *, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense, * * *. [3] If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements. * * *."

Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotations and citations omitted). "[I]n some circumstances, the behavior of the defendants may render administrative remedies unavailable." Id. "To the extent that the plaintiff lacked 'available' administrative remedies, the PLRA's exhaustion requirement is inapplicable." Id. "The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." Macias v. Zenk, 495 F.3d 37, 45 (2d Cir. 2007) ((quoting Hemphill, 380 F.3d at 688)).

Petitioner does not allege that he ever attempted to file a BP-8 Form with any other official or employee at the MDC, or that he ever attempted to informally resolve the issue of Murray's purported refusal to accept his BP-8 Form and subsequent retaliation. Nonetheless,

4

assuming, *arguendo*, that Murray's conduct inhibited petitioner from further pursuing informal resolution of his grievance(s) pursuant to 28 C.F.R. 542.13(a), that did not render the Administrative Remedy Program unavailable to petitioner since, *inter alia*, other avenues of relief remained available to petitioner. See, e.g. Hemphill, 380 F.3d at 686-87 (finding that administrative remedies were not unavailable to petitioner since the DOCS provided both a regular grievance mechanism and a special expedited process for resolving prisoner complaints of staff misconduct and that "threats of other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system * * *.") For example, 28 C.F.R. § 542.13(b) provides an exception to the requirement that an inmate seek informal resolution of any grievance, *inter alia*, at the Warden's, or the institution's Administrative Remedy Coordinator's discretion, "when the inmate demonstrates an acceptable reason for bypassing informal resolution." Thus, upon Murray's purported refusal to accept petitioner's BP-8 Form, or retaliation, petitioner could have bypassed Murray entirely and gone directly to Terrell or the MDC's Administrative Remedy Coordinator to seek a waiver of the informal resolution requirement pursuant to 28 C.F.R. § 542.13(b).

Moreover, all that was required of petitioner under 28 C.F.R. § 542.13(a) was that he "first present an issue of concern informally to staff," which he did when he provided Murray with the BP-8 Form. Murray's purported conduct in failing to accept the BP-8 Form and "attempt[ing] to informally resolve the issue" did not inhibit petitioner from proceeding with the next step of the Administrative Remedy Program under 28 C.F.R. § 542.14, i.e., filing a BP-9 Form with Terrell or the Regional Director in which he could have raised, *inter alia*, both his initial grievance as well as grievances based upon Murray's allegedly wrongful refusal to accept

5

his BP-8 Form and subsequent retaliation.[3] The petition is devoid of any allegation plausibly suggesting that Terrell, or any other official or employee at the MDC other than Murray, committed any act inhibiting petitioner from pursuing the Administrative Remedy Program.

Furthermore, according to respondents, Murray was only petitioner's correctional counselor until September 12, 2010, so any fear of retaliation subsequent to that date was not objectively reasonable.[4] Thus, nothing inhibited petitioner from seeking an extension of time to exhaust his remedies under the Administrative Remedy Program once he had a new correctional counselor. Accordingly, administrative remedies were available to petitioner. Since there is no basis upon which to base waiver or estoppel of this affirmative defense, and petitioner's desire for "speedy process" of his claims does not constitute a "special circumstance" justifying his failure to exhaust all available administrative remedies, the petition is dismissed based upon petitioner's failure to exhaust all available administrative remedies, as required by the PLRA.

---

[3] 28 C.F.R. § 542.14(a), provides, in relevant part, that "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(b) allows the time within which to file a BP-9 Form to be extended whether there is "a valid reason for delay" meaning "a situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(c) provides, in relevant part, that "(1) The inmate shall obtain the appropriate form from * * * institution staff (ordinarily, the correctional counselor)[;] * * * [and] (4) The inmate shall * * * submit [the Request] to the institution staff member designated to receive such Requests (ordinarily a correctional counselor) * * *." However, 28 C.F.R. § 542.14(d) provides exceptions to the initial filing requirements, *inter alia*, as follows: "(1) Sensitive issues. If the inmate reasonable believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the request directly to the appropriate Regional Director. * * * If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, * * *. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. * * *."

[4] In his reply, petitioner concedes that he is in a different unit at the MDC with a different counselor.

B.      Failure to State a Claim

In any event, petitioner's claims are denied in their entirety on the merits for failure to state a claim.

28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "mandamus is an extraordinary remedy," Miller v. French, 530 U.S. 327, 339, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000); Escaler v. United States Citizenship and Immigration Services, 582 F.3d 288, 292 (2d Cir. 2009), that may only be granted where: (1) the petitioner has no other adequate means to attain the relief sought; (2) the petitioner shows a "clear and indisputable right to the issuance of the writ," Miller, 530 U.S. at 339, 120 S.Ct. 2246 (internal quotations and citation omitted); and (3) the court, in the exercise of its discretion, determines that the writ is appropriate under the circumstances. In re City of New York, 607 F.3d 923, 932-33 (2d Cir. 2010); see also Cheney v. United States District Court for District of Columbia, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). A writ of mandamus "provide[s] a remedy for a petitioner only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 626, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (citations omitted); see also Escaler, 582 F.3d at 292.

Petitioner has not demonstrated a "clear and indisputable right" to the relief sought against Terrell, i.e., an order compelling Terrell to comply with the Administrative Remedy Program or to investigate Murray's conduct. Although Terrell, as warden of the MDC, is responsible for the implementation and operation of the Administrative Remedy Program at the MDC, see 28 C.F.R. §§ 542.10, *et seq.*, Murray, not Terrell, is the employee who allegedly failed

7

to comply with the Administrative Remedy Program. The petition is bereft of any allegation plausibly suggesting that Terrell failed to comply with any duty required of him under the Administrative Remedy Program set forth in 28 C.F.R. §§ 542.10, *et seq.* Moreover, petitioner does not allege that he ever informed Terrell, or any other MDC official or employee, of Murray's purported failure to accept his BP-8 Form or alleged retaliation.

Moreover, as noted above, petitioner has not demonstrated that he has exhausted all other avenues of relief. See, e.g. Escaler, 582 F.3d at 292 ("Issuance of a writ of mandamus under 28 U.S.C. § 1361 is generally dependent upon exhaustion of other available remedies.") Petitioner's failure to do so renders mandamus relief inappropriate. Accordingly, the petition is denied in its entirety.

III. CONCLUSION

For the reasons set forth above, the petition is dismissed in its entirety. The Clerk of the Court is directed to enter judgment in favor of respondents and to close this case.

SO ORDERED.

*[signature]*

SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 29, 2011
Central Islip, New York